| | |
|---|---|
| 1<br>2<br>3<br>4 | MICHAEL W. DOTTS, ESQ., 190005<br>DOTTS LAW OFFICE<br>173 Aspinall Avenue, Suite 207A<br>Hagatna, Guam 96910<br><br>*Attorney for Plaintiff* |



FILED
DISTRICT COURT OF GUAM
APR 30 2025
JEANNE G. QUINATA
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| CAPFA CAPITAL CORPORATION<br><br>Plaintiff,<br><br>vs.<br><br>DB INSURANCE COMPANY LIMITED<br><br>Defendant. | CIVIL CASE NO. 25-00020<br><br>COMPLAINT AND DEMAND<br>FOR JURY TRIAL |

COMES NOW, CAPFA Capital Corporation ("CaPFA" or "Plaintiff") by and through undersigned counsel, hereby complains to this Honorable Court as follows:

## I.
## JURISDICTION AND VENUE

1. This Court has diversity jurisdiction pursuant to the provisions of 28 U.S.C. § 1332(a)(1) and 48 U.S.C. § 1424(d). The Plaintiff is a corporation organized and has its principal place of business in Florida, and the Defendant are corporations organized and has its principal place of business in either Guam or Korea. The amount of the claim exceeds $75,000.00.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this cause of action occurred in Guam, a United States territory.

## II. PARTIES

1. Plaintiff CaPFA is a not-for-profit corporation registered in the state of Florida with 299 Riverside Drive, Moore Haven, FL 33471 as its registered address and has its principal place of business in Florida.

2. Upon information and belief, Defendant DB Insurance Company Limited ("DB Insurance") is, and was at all times material to this Complaint, a foreign company that was organized in Republic of Korea that has its principal place of business in Korea that is registered to do business in Guam. Defendant insured the John F. Kennedy High School on Guam against certain losses

## III. FACTUAL BACKGROUND

3. CaPFA re-alleges and re-asserts all the allegations contained the above paragraphs.

4. At all times material to this Complaint, CaPFA owned the buildings, real property, and appurtenant structures, including the fence, on Lot No. 5139-R3NEW-R4 in Tamuning, Guam, known as John F. Kennedy High School ("the School").

5. At all times material to this Complaint, CaPFA had a valid insurance policy on the School which CaPFA purchased from DB Insurance that had been in place since 2013.

6. The insurance policy covered structures, buildings, and personal property of the School, specifically described as policy no.: KMF7024-A03 ("the Policy").

7. The Policy insured CaPFA's described property and other structures against all risks of direct physical loss of or damages from any external cause, including typhoons and hurricanes.

8. Specifically, the Policy insured CaPFA against fire & lightning, typhoons, earthquakes and sprinkler leakage.

9. The Policy was validly in force up until the previous billing cycle which began on March 1, 2023, and ended on March 1, 2024. The renewal signature was appended on February 28, 2023.

10. The total sum insured for the School's building under the Policy is $66,119,051.00.

11. The total sum insured for the School's building's contents under the Policy is $3,092,079.00.

12. The total sum insured for the School's solar panels under the Policy is $8,450,000.00.

13. CaPFA sought insurance against external damage to protect the School from risk of natural disasters and unplanned occurrences.

14. CaPFA paid all premiums as at when due for the entire duration of the Policy without defaulting.

15. In May 2023, Typhoon Mawar struck Guam and caused significant damage to many properties and structures in Guam and neighbouring cities, including the School.

16. Typhoon Mawar was significantly destructive, causing widespread emergency and even death.

17. As soon as Typhoon Mawar subsided, CaPFA timely submitted a claim to Defendant ("CaPFA JFK School Claim") in an email sent on June 2, 2023.

18. As a result of Typhoon Marwar, CaPFA suffered losses including but not limited to the following:

a. Photovoltaic Power System - $1,666,473.93

b. Baseball, Football, Athletic Fields and Tennis Court - $760,906.45

c. Replace Damaged Exterior Doors on Cafeteria and Gym - $22,292.04

e. Replace Damaged Air Conditioning Duct on Cafeteria and Gym - $39,843.14

f. Replace Damaged Air Conditioning Unit No 2 and Duct - $206,331.44

g. Clean UP of Campus and Disposal of Typhoon Related Debris – 165,779.32

h. Repainting of Campus and Repair of Roof Coating - $470,592.14

i. Replace Damaged Gym Floor - $621,452.10.

19. All the above-mentioned losses have been timely communicated to Defendant in accordance with the Policy.

20. CaPFA's total claim is $5,122,166.75. This amount is calculated less the Policy deductible as required under the Policy.

21. On May 30, 2024, CaPFA received a check from Defendant in the sum of $1,000,000.00 in partial payment of the CaPFA JFK School Claim.

22. On August 28, 2024, CaPFA received another check from Defendant in the sum of $500.000.00 in partial payment of the CaPFA JFK School Claim.

23. Up until the time of filing this Complaint, CaPFA has received a total sum of $2,112,683.00 from Defendant.

24. This leaves an outstanding balance of $3,009,483.75.

25. Specifically, Defendant have withheld money due to CaPFA for the fencing repairs without any explanation.

26. The insured value of the School includes a fence that was part of the original construction.

27. Also, Defendant have withheld money due to CaPFA for the Gymnasium flooring replacement without any explanation.

28. Defendant have also refused to pay any portion of the outstanding balance of $3,009,483.75 on the CaPFA JFK School Claim.

29. CaPFA has scheduled the floor replacement to take place in late November through early 2025.

30. All amounts due under the CaPFA JFK School Claim are well within the value of the Policy.

31. Acting in bad faith, Defendant have denied portions of the CaPFA JFK School Claim for insurance benefits as promised under the Policy by failing to respond to CaPFA's multiple requests.

32. CaPFA has performed all on its part under the Policy.

33. Until the time of filing this Complaint, Defendant have ignored communication from CaPFA regarding the unpaid sum of the CaPFA JFK School Claim.

34. On September 19, 2024, CaPFA sent Defendant a letter demanding full payment of the amount due under the CaPFA JFK School Claim which has been ignored ("Letter of Demand").

35. As agents of DB Insurance, Moylan's Insurance Underwriters, Inc., ("Moylan's") received a copy of the Demand letter on September 20, 2024, with copy to DB Insurance.

36. The Letter of Demand contained modest estimates of CaPFA's damages suffered on the School's premises as a result of Typhoon Mawar.

37. The Letter of Demand did not include the attorney fees, interest fees, late charges, court costs, and all other damages that CaPFA suffered, and continues to suffer, as a result of the delay in satisfying the CaPFA JFK School Claim.

38. On March 28, 2025, Equitable Adjusting & Services Company ("Equitable" or "EASCO") sent an email presenting a final settlement offer of $387,317.00 in full resolution of the claim.

39. On April 15, 2025, CaPFA sent a Second Letter of Demand explaining the discrepancy on the demanded letters and offer its settlement proposal. Defendant were given until April 25, 2025 to accept CaPFA's proposal.

40. On April 25, 2025, Defendant responded to the April 15, 2025 Second Letter of Demand but did not agree to pay anything further and instead claimed to need more time and more information.

41. Defendant's actions in not addressing the claim and causing delay were in bad faith and caused harm to Plaintiff and are effectively a denial of Plaintiff's claim.

42. Defendant's delayed responses and failure to pay on the claim was wilful and wanton and done in bad faith entitling Plaintiff to punitive damages.

43. CaPFA has been damaged and continues to be damaged in amounts to be proven at trial.

## IV.
## CAUSES OF ACTION

**A. FIRST CAUSE OF ACTION – BREACH OF CONTRACT**

44. CaPFA re-alleges and re-asserts all the allegations contained in the above paragraphs.

45. CaPFA has paid all premiums due under the Policy and has done so consistently for over 11 years.

46. CaPFA has no outstanding responsibilities under the Policy.

47. Before filing this suit, CaPFA has complied with all the condition precedents including serving a Letter of Demand on the Defendant.

48. The Policy provides coverage for "all risks of direct physical loss of or damage to the property covered from any external cause including sprinkler leakage".

49. The School has suffered damages as a result of Typhoon Mawar.

50. Loss and damages suffered as a result of Typhoon Mawar is within the bounds of and covered by the Policy.

51. As a result, Defendant was obligated to pay for the CaPFA JFK School Claim.

52. Defendant breached its contract with CaPFA by failing to pay the amounts due under the Policy.

53. Defendant has denied CaPFA's claim for damages to the fence and the replacement of the floor of the Gymnasium.

54. Defendant has also failed to pay the outstanding balance of no less than $3,009,483.75 based on CaPFA's modest estimate.

6

55. Defendant has breached its obligations under the Policy by failing and refusing to pay coverages on the losses suffered on the School premises as a result of Typhoon Mawar,

56. As a direct and proximate cause of Defendant breach of the Policy, CaPFA has been damaged by Defendant in an amount to be proven at trial

57. As a result of the denial of the CaPFA's JFK School Claim and refusal to pay the outstanding balance, CaPFA has been forced to retain the services of counsel, which should be compensated by Defendant.

58. CaPFA is also incurring pre-judgement interest on monies due, late charges, and may other expenses that should be compensated by Defendant.

**B.   SECOND CAUSE OF ACTION – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING – BAD FAITH**

59. Plaintiff re-alleges and re-asserts all the allegations contained in the above paragraphs.

60. All contracts in Guam are subject to the duty of good faith and fair dealing and the same applies to the Policy in issue here.

61. This duty of good faith and fair dealing requires parties to a contract to act fairly in fulfilling their rights and responsibilities under that contract. This duty is a cornerstone in the application of Guam statues to contracts and corresponding case law.

62. CaPFA and Defendant are parties to the Policy which is a valid, written contract.

63. Defendant owed CaPFA a duty of good faith and fair dealing in the performance and execution of the Policy.

64. This duty mandated that Defendant avoid self-dealing and honor their obligations under the Policy in satisfying the CaPFA JFK School Claim.

65. CaPFA had a right to receive the benefit of the premiums paid on the Policy for over a decade.

7

66. Defendant, by its lack of response to CaPFA's claim and the denial to extend coverage to the fencing and flooring and other claims made, was acting in bad faith.

67. Defendant has breached the implied covenant of good faith and fair dealing by denying CaPFA's claim and refusing to pay the outstanding sum when due.

68. Defendant has breached the implied covenant of good faith and fair dealing by consistently ignoring CaPFA's requests for what is due under the Policy.

69. CaPFA alleges on information and belief that, at all relevant times herein material, Defendant knew, or in the exercise of good faith, reasonably should have known, that CaPFA was legally entitled to recover under the aforementioned insurance Policy and that Defendant was obligated to provide CaPFA the benefits under the Policy.

70. CaPFA further alleges on information and belief that Defendant, despite knowing that the benefits were due, nevertheless maliciously, intentionally, and oppressively conducted itself willfully and wrongfully and refused, and failed, to pay the benefits due under the Policy to CaPFA.

71. Plaintiff alleges on information and belief that Defendant unreasonably failed to pay Plaintiff's claim.

72. As a direct and proximate cause of Defendant's actions, CaPFA has been damaged in the amounts to be determined at trial.

73. As a result of Defendant's actions in bad faith, CaPFA has been forced to retain the services of counsel, which should be compensated by Defendant.

74. CaPFA is also incurring pre-judgement interest on monies due, late charges, and may other expenses that should be compensated by Defendant.

75. Plaintiff is entitled to an award of punitive damages for the bad faith of the Defendant in an amount to be proven at trial.

8

Case 1:25-cv-00020   Document 1   Filed 04/30/25   Page 8 of 10

## C. THIRD CAUSE OF ACTION – DECLARATORY JUDGMENT

76. CaPFA re-alleges and re-asserts all allegations contained in the above paragraphs.

77. CaPFA alleges on information and belief that an actual controversy has arisen and now exists between CaPFA and Defendant concerning their respective rights and duties in that CaPFA claims that Defendant improperly denied its claims in breach of the Policy and in breach of the covenant of good faith and fair dealing while Defendant appears to claim that the denial was appropriate.

78. CaPFA desires a judicial determination of the rights and duties of the respective parties, and a declaration that the denial of Plaintiff's claim was improper pursuant to the terms of the Policy and that the aforesaid denial of Plaintiff's claims by Defendant was in violation of the covenant and good faith and fair dealing.

79. CaPFA alleges on information and belief that a judicial determination is necessary and appropriate at this time under the circumstances in order that the Plaintiff may ascertain its rights and duties with respect to this coverage under the Policy and the impropriety of its claims as set forth in herein.

## V.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. For actual, compensatory, and consequential damages in an amount to be proven at trial but not less than $3,009,483.75;

b. For punitive damages for the actions taken by Defendant in bad faith in a multiple of the actual, compensatory, and consequential damages;

c. For a declaratory judgment declaring that the denial of CaPFA's claim was improper and in breach of the terms of the Policy and the implied covenant of good faith and fair dealing;

d.  For CaPFA's attorney's fees and costs of suit;

e.  For CaPFA's prejudgment and post judgment interest as allowed by law;

f.  For other such relief to be granted to Plaintiff as the Court deems just and proper.

## VI.
## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues and claims so triable.

Respectfully submitted this 28th day of April 2025.

LAW OFFICE OF MICHAEL W. DOTTS, LLC
*Attorneys for Plaintiff*

/s/ *Michael W. Dotts*
Michael W. Dotts, Esq., Bar No. 190005